## UNITED STATES v. MORGAN et al.

United States District Court
S. D. New York.

Dec. 9, 1952.

See also 10 F.R.D. 240.

Myles J. Lane, U. S. Atty., New York City, Victor H. Kramer, Richard B. O'Donnell, Walter K. Bennett, Margaret Brass, Samuel Karp and Harry G. Sklarsky, Sp. Assts. to Atty. Gen., for plaintiff, Francis E. Dugan, Herman Gelfand and Lambert F. Dickinson, New York City, of counsel.

Breed, Abbott & Morgan, New York City, for defendant Eastman, Dillon & Co., Herman A. Heydt, Jr., New York City, of counsel.

Cahill, Gordon, Zachry & Reindel, New York City, for defendants Dillon, Read & Co. Inc. and Stone & Webster Securities Corp., Mathias F. Correa, R. Graham Heiner and David Ingraham, New York City, of counsel.

Covington & Burling, Washington, D. C., for defendant Smith, Barney & Co., W. Graham Claytor, Jr., and William Stanley, Jr., Washington, D. C., of counsel.

Cravath, Swaine & Moore, New York City, for defendants Kuhn Loeb & Co., and Union Securities Corp., William Dwight Whitney, George S. Leonard, and Henry Nolte, New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendants Morgan Stanley & Co. and Harriman Ripley & Co., Inc., Ralph M. Carson, Edward R. Wardwell, Francis W. Phillips, New York City, of counsel.

Donovan, Leisure, Newton, Lumbard & Irvine, New York City, for defendant Harris, Hall & Co. (Incorporated), Roy W. McDonald and John F. Seiberling, Jr., New York City, of counsel.

Drinker, Biddle & Reath, Philadelphia, Pa., and Emmet, Marvin & Martin, New York City, for defendant Drexel & Co., Henry S. Drinker and John G. Williams, Philadelphia, Pa., of counsel.

Shearman & Sterling & Wright, New York City, for defendant White, Weld & Co., Walter K. Earle and Lauretta D. Robinson, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendants Blyth & Co., Inc., Glore, Forgan & Co., Goldman, Sachs & Co. and Lehman Brothers, Arthur H. Dean, William Piel, Jr. and Anthony Chandler, New York City, of counsel.

Sullivan & Cromwell and Choate, Hall & Stewart, Boston, Mass., for defendant First Boston Corp., Arthur H. Dean, William Piel, Jr., New York City, Robert Proctor,

Boston, Mass., and Brinley M. Hall, Beverly Hills, Mass., of counsel.

Webster, Sheffield & Chrystie, New York City, for defendant Kidder, Peabody & Co., Bethuel M. Webster, Edward L. Rea and Bancroft G. Davis, New York City, of counsel.

MEDINA, Circuit Judge.

Motion having been made by plaintiff to amend Pre-Trial Order No. 3 herein in certain respects, and papers in support and in opposition thereto having been duly considered, and argument had thereon, said motion is granted to the extent indicated below and otherwise denied.

It is ordered that Pre-Trial Order No. 3, 11 F.R.D. 445, paragraph B(1) be amended so as to provide

B(1) Proof, documentary and otherwise, which is admissible against some or all of defendants only in the event that a prima facie showing is made of combination, agreement or conspiracy in accordance with the requirements of controlling precedents, will be received subject to connection and motion to strike, upon condition that at the close of plaintiff's case and prior to the making of motions to dismiss and argument thereon counsel for plaintiff shall state to the Court in detail and with appropriate references to testimony and exhibits:

(a) The proofs which it is claimed make out a prima facie case of such combination, agreement or conspiracy against all or some of defendants "aliunde". The proof which shall be considered "aliunde" evidence shall consist of the following:

i) Exhibits which have been designated with the symbol "A" pursuant to paragraph B(2) (f) (i) hereof, or which have been designated with neither the symbol "A" nor the symbol "B";

ii) With reference to any particular defendant as to whom the submission is then being made under paragraph B(1) (b) hereof, the admissions of such defendant, or of the partners, officers, or lawful agents of such defendant contained in exhibits

which have been designated with the symbol "B" and with the initials of such defendant, pursuant to paragraph B(2) (f) (ii) hereof, together with all inferences demonstrated from other exhibits designated with the symbol "B", provided that such inferences are not dependent for their validity upon the truth of the matter contained in such exhibits;

iii) Stipulations of facts, admissions made pursuant to requests for admissions, and answers to interrogatories made by the defendant as to whom the submission is then being made pursuant to paragraph B(1) (b) hereof;

iv) Testimony taken by deposition and read into the record;

v) Testimony taken at the trial.

(b) The order of presentation by counsel for plaintiff shall be first to state, with appropriate references to testimony, exhibits and other data which are part of the record, the contentions made relative to what it is claimed has been established prima facie against each defendant seriatim, completing such statement with respect to one defendant before proceeding to another, in order that the Court may be able, without excessive labor and within reasonable limits of time, to assess and evaluate such contentions and claims and the testimony, exhibits and data referred to. After all such statements shall have been completed, counsel for plaintiff shall demonstrate to the extent deemed necessary any similarities or conformities asserted to exist between the proofs with respect to different defendants, and put the parts of the so-called mosaic together, by presenting plaintiff's case as an integral whole.

### Memorandum

The provisions of this order above set forth, and others of a similar character in Pre-Trial Order No. 3 herein, were made solely for the purpose of affording mechanical aids to the Court and counsel. In such a massive record as exists in this case it seems inevitable that some of the symbols placed upon specific exhibits may

302

be misleading, or not in accordance with the plan and scheme of the pre-trial procedure which has been decided upon. It is not now nor has it at any time been my intention to make any ruling on the substantive effect of any piece of documentary proof received in evidence. When the proper time comes I shall give to each of such documents the probative force and effect to which it is entitled under the controlling rules of evidence, irrespective of the numbers and symbols placed thereon as a matter of temporary convenience.